Dunham *v.* Gates.

---

## Dunham *vs.* Gates and others.

Upon a bill to set aside a bond and mortgage alleged to have been given by an insolvent debtor, to the mortgagee, to defraud the creditors of the mortgagor, if the assignees of the mortgage deny any knowledge of the alleged fraud, by a separate answer, the answer of the assignor cannot be used as evidence against them to establish such fraud.

But if they join with him in an answer and admit their belief that what he states in the answer is true, if his admissions in such answer establish the fraud, it is sufficient to entitle the complainant to a decree against the assignees of the mortgage.

And where the assignees of the mortgage put in a joint answer with the assignor, what is stated by him in such answer, responsive to the charges or interrogatories in the bill, will be evidence in favor of the assignees, to the same extent that it is evidence in favor of the assignor.

Dunham v. Gates.

THIS was an appeal from a decree of the assistant vice chancellor of the first circuit, dismissing the complainant's bill without costs to either party.

In April, 1826, C. Gates gave to his brother, Gerrit Gates, one of the defendants in this cause, a bond and mortgage, to secure the payment of $2878, in one year, with interest; which mortgage was shortly afterwards assigned to the respondents, W. W. Chester and T. L. Chester, in part payment of a much larger debt due to them from the mortgagee. The complainant afterwards recovered a judgment against the mortgagor for a debt contracted before the giving of the mortgage; and under an execution upon that judgment the interest of C. Gates, the mortgagor, was sold by the sheriff, and the complainant became the purchaser thereof. He thereupon filed the bill in this cause against the mortgagor and mortgagee, and against the two Chesters, as the assignees and owners of the bond and mortgage, as fraudulent. C. Gates, the mortgagor, was an absentee, and was not served with process; and the bill was taken as confessed against him for want of an appearance. The defendants, Gerrit Gates, the mortgagor, and the two Chesters, put in a joint and several answer, denying the alleged fraud and want of consideration for the bond and mortgage; the former positively, and the latter upon their information and belief. A replication was filed, but no testimony was taken in relation to the alleged fraud or want of consideration for the bond and mortgage.

*R. Manning*, for the appellant.

*O. Bushnell* for the respondents.

THE CHANCELLOR. The bond and mortgage being prima facie evidence of a good consideration, the onus of showing that they were given without consideration, or for the purpose of defrauding the complainant, rests upon him; and if he has not established it by the answer of the defendants, he must of course fail in the suit. If the Chesters had not joined in the answer with Gerrit Gates, who had no interest in the bond and

Dunham *v.* Gates.

mortgage at the time of the commencement of the suit, no admission in his answer would have affected their rights. And the only way in which the facts stated by him could have been made available against the Chesters, in favor of the complainant, would have been to dismiss the bill as against Gerrit Gates, and examine him as a witness. But by joining with him, in their answer, and swearing that what he states as matters within his own knowledge they believe to be true, they have entitled the complainant to the benefit of the discovery if the answer makes out a case of fraud in the giving of the bond and mortgage. On the other hand, if the answer does not establish the fraud charged by the complainant, the respondents are entitled to the benefit of all the facts sworn to by the defendant Gerrit Gates, responsive to the charge of fraud and want of consideration, to the same extent that Gates could avail himself of them as evidence in his own favor.

The only question therefore is, whether the answer shows a case of fraud in the giving of this bond and mortgage? For if it does not, the complainant has failed in establishing the charge made in his bill. And I think the assistant vice chancellor came to the correct conclusion in deciding that the fraud was not established by the admissions in this answer; the whole of which answer, so far as related to the consideration of the bond and mortgage, the circumstances under which they were given, and the reasons for giving them, was directly responsive to the bill, and was also called for by the special interrogatories contained therein. The fact that no administration had been taken out upon the estate of the father of G. and C. Gates was wholly immaterial, so far as the complainant was concerned, if the amount due and coming to the other members of the family who consented to the arrangement, out of the indebtedness of C. Gates to the estate, was as stated in the answer. Although the answer does not leave the case entirely clear from suspicion, it certainly contains nothing which could justify any court in saying that a clear case of fraud is made out by the admission in this answer.

The decree appealed from must therefore be affirmed with costs.